FILED

JUL 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NORMAN AND PHYLLIS LIND,

        Plaintiffs - Appellees,

  v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY

        Defendant - Appellant.

No. 09-35727

D.C. No. 6:08-cv-06133-AA

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted July 16, 2010
Portland, Oregon

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

    Fidelity National Title Insurance Company ("Fidelity") appeals the district

court's denial of its request for sanctions, under Oregon Revised Statutes § 20.105,

against Norman and Phyllis Lind.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court denied Fidelity's request for § 20.105 sanctions on the ground that the Linds had not acted in "bad faith." Prior to 1995, § 20.105 contained a "bad faith" requirement, but that requirement was removed by amendment in 1995. *See* 1995 Or. Laws Ch. 618, § 2.

Section 20.105 now requires a prevailing party to show that the losing party had "no objectively reasonable basis" for its claim. *See* 1995 Or. Laws Ch. 618, § 2. Fidelity cannot make that showing. When the Linds filed their complaint against Fidelity, they possessed three documents which provided factual support for their claims. Therefore, the Linds' claims were not entirely devoid of factual support, and the Linds had an objectively reasonable basis for their claims. *See Dimeo v. Gesik*, 98 P.3d 397, 402 (2004) (citing *Mattiza v. Foster*, 311 Or. 1, 8 (1990)). Accordingly, we affirm the judgment of the district court denying Fidelity's request for sanctions.

AFFIRMED.